IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TYLER UHRICH, | CV 25–16–H–BMM |
| Plaintiff, | |
| vs. | ORDER |
| JIM SALMONSEN, ET AL., | |
| Defendants. | |

Two motions are pending before the Court: Defendants' Motion to Stay or Dismiss, and Plaintiff Tyler Uhrich's Motion for Discovery. (Docs. 37 and 38.) This matter is stayed. Uhrich's motion is denied.

## I.    MOTION TO STAY OR DISMISS

Defendants move to stay or dismiss this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Defendants assert that adjudication of Uhrich's claims here would impact ongoing state court criminal proceedings. (Doc. 37 at 1.) Uhrich has not responded to this motion.

Uhrich's Amended Complaint generally alleges that Defendants violated his Eighth Amendment rights by using excessive force against him on April 9, 2024. (Doc. 13 at 4 – 5.) Uhrich seeks only money damages as relief. (Doc. 13 at 5.) What happened on April 9, 2024, also serves as the basis of an ongoing criminal

prosecution of Uhrich in the Third Judicial District Court, Powell County, Montana. (Doc. 37-1.) Trial in that case is currently scheduled for June 1, 2026, according to the online calendar for the Powell County District Court. (At the time of filing Defendants' motion, the trial was scheduled for March 30, 2026. (Doc. 37 at 3.)) As a result, Defendants contend this Court should stay or dismiss its proceedings pursuant to *Younger*.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 (citation omitted).

The "threshold elements" of *Younger* are present. First, Uhrich's allegations all relate to a specific incident that gave rise to ongoing criminal proceedings against him. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44.

Montana has a significant state interest in enforcing the criminal laws of Montana. The Court may not interfere with those interests when the process is ongoing.

Second, Uhrich will have an adequate opportunity in the Montana state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the even more vital consideration of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023) (internal citation omitted). Uhrich will have the opportunity to raise his federal rights against excessive force in that is an aspect of his defense to the charges related to the physical altercation occurring at the Montana State Prison. Uhrich also will have the state appeals process to vindicate his rights regarding his prosecution. Uhrich has opportunities within his ongoing criminal proceedings in the Montana state courts to address any alleged violations of his federal rights.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Uhrich's claims would have the effect of interfering with the "state courts' ability to enforce

constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). If this Court found that officers had used excessive force, that conclusion would likely predetermine issues in Uhrich's state criminal trial.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Uhrich's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, as Uhrich does here, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. *Gilbertson*, 381 F.3d at 968. This matter is stayed, pending the outcome of Uhrich's criminal trial.

## II.    MOTION FOR DISCOVERY

Uhrich has renewed his motion for discovery, because Defendants have not responded to his previous requests. (Doc. 38.) Uhrich's motion includes specific items that he claims to have sought and not received, including an incident report, a copy of the investigation into staff conduct, and video and audio. *Id.*

Defendants oppose the motion. (Doc. 39.) Defendants claim to have provided all of the requested items to Plaintiff Uhrich, after the date of Plaintiff's

filing. (Doc. 39 at 3.) Given the stay in this matter, the motion will be denied, subject to renewal in the future if Defendants' disclosures remain incomplete.

Based upon the foregoing, **IT IS ORDERED** that:

1.    Uhrich's motion (Doc. 38) is **DENIED**, subject to renewal.

2.    Defendants' motion (Doc. 37) is **GRANTED**. This matter is **STAYED**. The Clerk of Court is directed to administratively close the case. The parties are directed to notify the Court within 30 days of the completion of state proceedings, including any direct appeals.

3.    At all times, Uhrich must immediately advise the Court and opposing counsel of any change of address. Failure to do so may result in dismissal.

DATED this 14th day of April, 2026.

_____
Brian Morris, Chief District Judge
United States District Court

5